May 18, 1978

## 78-28 MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, CRIMINAL DIVISION

### Immigration and Nationality Act (8 U.S.C. § 1329)— Eluding Inspection—Criminal Offense—Venue

This is in response to your memorandum concerning prosecutions under 8 U.S.C. § 1325 following the recent unreported decision of the Idaho Federal District Court in *United States* v. *Wissel*, which by implication held that that provision did not create a continuing offense. Specifically, you inquire whether prosecutions for "eluding inspection" under 1325[1] may continue to be brought in the district where a defendant is apprehended, as authorized by 8 U.S.C. § 1329,[2] or whether the Sixth Amendment[3] bars such proceedings except in a district at or near the border where the inspection should have taken place. We concur in the conclusion reached in your memorandum that because of the Sixth Amendment requirement, § 1329 is unconstitutional since it authorizes prosecution in a district other than the district at or near the border where the inspection should have taken place. Accordingly, we recommend that § 9-73.110 of the United States Attorneys' Manual be amended.

---

[1] 8 U.S.C. § 1325 provides:

Any alien who (1) enters the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall . . . be guilty of a misdemeanor. . . .

[2] 8 U.S.C. § 1329 provides in pertinent part:

The district courts of the United States shall have jurisdiction of all causes, civil and criminal, arising under any of the provisions of this subchapter. It shall be the duty of the United States attorney of the proper district to prosecute every such suit when brought by the United States. Notwithstanding any other law, such prosecutions or suits may be instituted at any place in the United States at which the violation may occur or at which the person charged with a violation under section 1325 or 1326 of this title may be apprehended. . . .

[3] The Sixth Amendment's guarantee that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . ." complements that found in Article III, § 2, cl. 3, that "The Trial of all Crimes. . . shall be by Jury: and such Trial shall be held in the State where the said Crimes shall have been committed."

Absent a continuing offense rationale, you have indicated that an "eluding inspection" violation cannot be deemed to have been committed in the district in which the defendant is found. It follows, then, as a constitutional matter, that all prosecutions charging violations of § 1325 must be brought in the district where the offense was committed, *i.e.*, where the alien entered the country or where the inspection station to which he was to have reported is located.

There is no way in which the clear language of § 1329 can be reconciled with this conclusion; it appears instead that its specification of the venue of § 1325 prosecutions as "at any place . . . at which the person charged with [such] a violation may be apprehended" is merely an anomaly produced by inartful drafting. Section 1329 was originally enacted in 1917,[4] before illegal entry had been criminalized rather than simply made a ground for deportation. The language of this early version[5] differed in minor but significant ways from the current version adopted as part of the overall 1952 revision of the immigration laws. While the earlier language appeared to apply to both criminal and civil proceedings and might be read to provide for proceedings where the person charged "may be found" only in the latter case,[6] the 1952 revision subtly but significantly changed this focus by authorizing prosecutions only under certain enumerated criminal provisions (namely, §§ 1325 and 1326) in districts where the violator is "apprehended," not simply where he might be found, *i.e.*, reside. This modification makes good sense in relation to § 1326, which was simultaneously revised to render criminal the act of being "found" in the United States where an alien had once been arrested and deported or excluded and deported.[7] Thus, under the revised version of § 1326, if an alien who had previously been deported was found in a particular locality he could properly be prosecuted in that locality because in that context his presence there constituted a continuing offense that had begun

---

[4]*See* Act of February 5, 1917, ch. 29, § 25; 39 Stat. 893.

[5]This version read as follows:

> That the district courts of the United States are hereby invested with full jurisdiction of all causes, civil and criminal, arising under any of the provisions of this Act. That it shall be the duty of the United States district attorney of the proper district to prosecute every such suit when brought by the United States under this Act. Such prosecutions or suits may be instituted in any place in the United States at which the violation may occur or at which the person charged with such violation may be found. . . .

[6]The Report of the Senate Judiciary Committee on the Immigration and Naturalization Systems of the United States undertaken in preparation for the 1952 revision of the immigration laws read the earlier version very narrowly. ("The section is rarely invoked and it is the general rule that violations must be prosecuted in the judicial district in which the offense was committed.") S. Rept. No. 1515, 81st Cong., 2d sess., at 650 (1950).

[7]The earlier version of § 1326 (8 U.S.C.§ 180 (a) (1940 ed.)) had provided:

> If any alien has been arrested and deported in pursuance of law. . . and if he enters or attempts to enter the United States. . . he shall be guilty of a felony. . . .

Section 1326 now provides:

> Any alien who—
> (1) has been arrested and deported or excluded and deported and thereafter
> (2) enters, attempts to enter, or is at any time found in, the United States. . .shall be guilty of a felony. . . .

when he reentered. Although the difficulties inherent in proving where an alien had entered the country so as to establish the proper venue for a prosecution under § 1325 would appear to be no less than those which spurred the revision of § 1326,[8] no comparable amendment to the former section was recommended;[9] the alteration that was accomplished in amending § 1329 to refer to that section as well, therefore, lacked the necessary foundation to have an equivalent effect.

We cannot reconcile the language of § 1329 with the requirement that prosecutions be undertaken in the district where the crime was committed; thus, we recommend that no future prosecutions under § 1325 be instituted except in such districts. We suggest the following language, which might serve as a substitute for that now included in the last sentence of § 9-73.110 of the United States Attorneys' Manual:

> Cases charging the defendant with eluding examination or inspection should be prosecuted in the district where the inspection station to which the alien was to have reported on entering the United States is located.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[8]Deputy Attorney General Peyton Ford, testifying in 1951 during hearings on earlier versions of immigration legislation ultimately adopted the following year, stated that § 276 of the bill (§ 1326)

> . . . adds to existing law by creating a crime which will be committed if a previously deported alien is subsequently found in the United States. This change would overcome the inadequacies in existing law which have been observed in those cases in which it is not possible for the Immigration and Naturalization Service to establish the place of reentry, and hence the proper venue, arising in prosecutions against a deported alien under the 1929 act. [*Joint Hearings Before the Subcommittees of the Committees on the Judiciary on S. 716, H.R. 2379, and H.R. 2816,* 82d Cong., lst sess., at 716 (1951)]

[9]*See* n. 8, *supra.* No mention at all was made of the provisions that ultimately became §§ 1325 and 1329.